Filed 12/30/2020 7:12 PM
Cathy Stuart
District Clerk
Victoria County, Texas
By: Bobbi Ellinger

CAUSE NO. **20-12-86724-D** _____

| | | |
|---|---|---|
| **SANDRA BRINK HAFER** | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| **PETSMART, INC.** | § | VICTORIA COUNTY, TEXAS |

<u>**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes **SANDRA BRINK HAFER**, hereinafter called Plaintiff, complaining of **PETSMART, INC.**, hereinafter called Defendant, and for cause of action would respectfully show the Court and jury the following:

### I. Discovery Level

1.1   Discovery is intended to be conducted under Level III of the Texas Rule of Civil Procedure 190.

### II. Parties

2.1   Plaintiff **SANDRA BRINK HAFER**, whose last three digits of her driver's license number are 547, and the last three digits of her social security number are 426, is a resident of Edna, Jackson County, Texas.

2.2   Defendant **PETSMART, INC.**, is a corporation authorized to conduct business in the State of Texas and may be served with citation by serving its registered agent for service at Corporate Creations Network, Inc., 5444 Westheimer, #1000, Houston, Texas 77056.

### III. Venue

3.1   Plaintiff contends venue is proper in Victoria County because the cause of action occurred in Victoria County, Texas.



## IV. Facts

4.1     Plaintiff brings this suit to recover for personal injuries sustained by Plaintiff as a result of the negligence of and a dangerous condition on Defendant **PETSMART, INC.'s** property as hereinafter set forth. Defendant created an unsafe condition which caused Plaintiff's injuries. Plaintiff alleges both premises liability and negligence against Defendant.

4.2     On or about February 22, 2019, Plaintiff was walking into **PETSMART, INC.'s** store in Victoria, Victoria County, Texas to shop. As Plaintiff was entering the store she tripped and fell on an extension cord and rug/mat that was powering a computer being used for an event occurring that day. The extension cord was going into the **PETSMART, INC.** store underneath the store's entrance mat, through two sets of doors, and plugged into an electric source in the **PETSMART, INC.** store. The cord and rug/mat were present with Defendant **PETSMART, INC.'s** knowledge, consent, permission and supervision.

4.3     As Plaintiff entered the outer set of double doors into the store, Plaintiff tripped and fell causing Plaintiff to sustain serious bodily injuries.

## V. Negligence

5.1     At the time and on the occasion in question, Plaintiff was an invitee on the Defendant's property. Defendant through their employees, servants, agents and/or representatives knew or should have known of the unreasonably dangerous condition and neither corrected nor warned the Plaintiff. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant's failure to correct the condition and/or warn Plaintiff, and others in her position, constitutes negligence, and such negligence was a proximate cause of the occurrence in question and the Plaintiff's resulting injuries.

## VI. Respondeat Superior

6.1 Whenever in this petition it is alleged that the Defendant did any act or thing, it is meant that the Defendant's agents, officers, servants, employees or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees or representatives. The principal is vicariously liable for the acts of the agent because of an employer employee status, agency by estoppel, ostensible agency or borrowed servant doctrine.

## VII. Damages

7.1 As result of the above described, the Plaintiff suffered severe personal injuries causing Plaintiff to sustain permanent bodily impairment, loss of earning capacity in the past and a loss of earning capacity in the future. Plaintiff has experienced physical pain and mental anguish and will, in reasonable probability, continue to do so in the future. Plaintiff has also been caused to incur medical charges and expenses in the past and will continue to incur medical expenses in the future for Plaintiff's injuries.

## VIII. Exemplary Damages

8.1 Plaintiff would further show that the Defendant, by their actions through their agents, servants and employees, were guilty of gross negligence and that the Defendant's conduct amounted to a heedless and reckless disregard of the rights of others affected by it, in particularly Plaintiff. The Defendant's conduct amounted to such an entire want of care as to indicate that its acts or omissions as hereinbefore alleged was the result of a conscious indifference to the rights, welfare or safety of the persons affected by it, in particular Plaintiff, and such acts were a proximate cause of the incident made the basis of this suit and resulting damages to Plaintiff. As a result of

the gross negligence of the Defendant, the Plaintiff herein is entitled to recover exemplary or punitive damages from Defendant, in addition to the compensatory damages to which Plaintiff is entitled, for which amounts Plaintiff herenow sues.

8.2  Plaintiff would show that nothing Plaintiff did nor failed to do caused or in any way contributed to the cause of the occurrence made the basis of this suit. To the contrary, the conduct of Defendant constitutes negligence as that term is understood in the law, and such conduct was a proximate cause of the occurrence made the basis of this suit.

### IX. TRCP 193.7

9.1  Plaintiff hereby gives actual notice to each party pursuant to Rule 193.7 of the Texas Rules of Civil Procedure that any and all documents produced during discovery may be used against the party and may produce the document at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document.

### X. REQUEST FOR DISCLOSURE

10.1  Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this Request for Disclosure.

### XI. PRAYER

11.1  By reason of the above and foregoing, Plaintiff has been damaged in a sum within the minimum jurisdictional limits of this Court. Plaintiff is seeking monetary relief over $250,000.00 but not more than $1,000,000.00. Plaintiff further seeks prejudgment and post judgment interest.

11.2  WHEREFORE, Plaintiff prays that the Defendant be duly cited to appear and answer herein; that upon a final trial of this cause, Plaintiff will recover:

a. judgment against Defendant for Plaintiff's damages as set forth above, in an amount in excess of the minimum jurisdictional limits of this Court;

b. interest on said judgment at the legal rate from date of judgment;

c. prejudgment interest as allowed by law;

d. costs of court; and

e. a demand for judgment for all the other relief to which Plaintiff deems herself entitled.

Respectfully submitted,

**COLE, COLE, EASLEY & SCIBA, P.C.**
302 West Forrest Street
Victoria, Texas 77901
Telephone:   (361) 575-0551
Facsimile:    (361) 575-0986
E-mail:        ccole@colefirmservice.com

By: /s/Chuck Cole
CHUCK COLE
State Bar No. 00789228
*Attorneys for Plaintiff,*
*Sandra Brink Hafer*

**PLAINTIFF HEREBY RESPECTFULLY DEMANDS A TRIAL BY JURY**

JAN 0 7 2021

CAUSE NO. 20-12-86724-D

| | |
|---|---|
| SANDRA BRINK HAFER | § IN THE DISTRICT COURT |
| | § |
| VS. | § 377ᵀᴴ JUDICIAL DISTRICT |
| | § |
| PETSMART, INC. | § VICTORIA COUNTY, TX |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

PETSMART, INC. ("PetSmart") files this Original Answer to the Plaintiff's Petition and would show the Court the following:

I.

PetSmart asserts a general denial and requests the Court to require the Plaintiff to prove her allegations by a preponderance of the evidence as is required by the constitution, statutes, laws and Rules of Civil Procedure of the State of Texas.

II.

Pleading further, PetSmart would show that the incident in question was proximately caused by the negligence of Sandra Brink Hafer in that Ms. Hafer was not, apparently, looking where she was stepping at the time of the incident in question. PetSmart, therefore, pleads contributory negligence, comparative responsibility or sole responsibility on Ms. Hafer's part as an affirmative defense to this matter.

III.

Pleading further, pursuant to Texas Civil Practice & Remedies Code Section 41.0105, Ms. Hafer should be limited as far as medical bills are concerned [in the unlikely event of any recovery in this case by Ms. Hafer] to the amounts of her medical bills that were actually "paid or incurred" per this statute. The amounts of Ms. Hafer's

medical bills that were written off or adjusted down by her healthcare providers (or that could not be collected by the providers per the Medicare/Medicaid statutes) should not be collected by Ms. Hafer per this statute [again, in the unlikely event of any recovery in this case by Ms. Hafer].

## JURY DEMAND

PetSmart requests a trial by jury and pays the appropriate fee.

WHEREFORE, PREMISES CONSIDERED, PetSmart prays that the Plaintiff take nothing by this suit, and that PetSmart be awarded all costs of Court, as well as such other and further relief, both general and special, at law, or in equity, to which PetSmart may show itself justly entitled.

Respectfully submitted,

/S/ William H. Luck, Jr.

By: _____

William H. Luck, Jr.
TB# 12666450
1412B Stonehollow Dr.
Houston, Texas 77339
(281) 358-7611
(281) 358-0299 (Fax)
Bill.Luck@sbcglobal.net

ATTORNEY FOR
PETSMART, INC.

## CERTIFICATE OF SERVICE

In accordance with Rule 21a of the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been served via the e-serve system on all attorneys of record on this the 29th day of January 2021.

/S/ William H. Luck, Jr.
_____
William H. Luck, Jr.